TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00102-CR







Joseph Paul Mayzone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 93-069-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of two counts of aggravated robbery. Tex. Penal
Code Ann. § 29.03 (West 1994). (1) The jury assessed punishment for each count at imprisonment
for ninety-nine years.

 On November 12, 1992, appellant and his armed companion entered Coupland State
Bank, held two bank employees at gunpoint, and stole over $58,000. The two victims, Janet Doss
and Bonnie Urbanek, identified appellant at trial. In his only point of error, appellant contends
the district court erred by permitting the State to bolster this identification testimony.

 As counsel told the jury during his opening statement, appellant's defense was
misidentification. Appellant called sheriff's investigator Rick Faught to testify that Doss and
Urbanek failed to identify appellant in a photographic lineup one month after the robbery. 
Thereafter, the State asked permission to question Doss and Urbanek about a second encounter
they had with appellant on February 1, 1993. On that date, appellant returned to the bank and
committed a second robbery. Over objection, the prosecutor was allowed to elicit testimony from
the two women that they saw appellant at the bank on February 1, at the police station later that
day, and in court in November 1993. On each occasion, they recognized appellant as the man
who robbed them in November 1992. The jury was not told that appellant was in the bank on
February 1 to commit another robbery.

 Appellant argues that Faught's testimony concerning the victims' failure to identify
appellant in the photo spread did not constitute impeachment of their in-court identifications. 
Thus, appellant asserts that it was error to permit the State to question Doss and Urbanek about
their identifications of appellant on February and November 1993. We conclude, however, that
this contention was not preserved for review. We quote the objection to the challenged testimony
in full:



 Judge, I think that the right to use these extraneous offenses may almost
exist here. I know that when I start asking Mr. -- Officer Faught these questions
that this was going to be raised to the Court. I haven't directly tried under my
cross examination of Janet Doss to impeach her identification in court of Mr.
Mayzone, and I feel like because of the prejudicial quality of bringing in an
extraneous offense, that the Court has some discretion here, and we would ask that
it be kept out under the Rules of Criminal Evidence because of its prejudicial
quality.


 I don't feel like my question of Faught is sufficient to open the door for [the
State] to bring in the extraneous offense and circumstances surrounding it. I do
think once that door is open we may have to throw it all the way open, and we may
end up creating a mini trial in the second case, although we pleaded guilty on that. 
I ask the Court to rule against allowing this evidence.


 I think it's proper to show that there was some confusion initially about
identification. I don't think that that totally impeaches these two witnesses.



Although counsel asserted that the witnesses had not been "directly" or "totally" impeached, he
was clearly objecting to the proposed testimony on extraneous offense and unfair prejudice
grounds, not on the ground that it constituted improper bolstering. The court obviously
understood this to be an extraneous offense objection, ruling in response that the prosecutor would
not be permitted to elicit testimony concerning the circumstances surrounding the witnesses'
identification of appellant on February 1. No further objection was made.

 To preserve error in the admission of evidence, the opposing party must timely
object, stating the specific ground of objection if it is not apparent from the context. Tex. R.
Crim. Evid. 103(a)(1); Tex. R. App. P. 52(a). Appellant's trial objection did not preserve his
contention on appeal, either expressly or by fair implication. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: September 27, 1995

Do Not Publish 

1.   The current version of section 29.03 is substantively identical to the version in effect
when the offenses were committed.


panion entered Coupland State
Bank, held two bank employees at gunpoint, and stole over $58,000. The two victims, Janet Doss
and Bonnie Urbanek, identified appellant at trial. In his only point of error, appellant contends
the district court erred by permitting the State to bolster this identification testimony.

 As counsel told the jury during his opening statement, appellant's defense was
misidentification. Appellant called sheriff's investigator Rick Faught to testify that Doss and
Urbanek failed to identify appellant in a photographic lineup one month after the robbery. 
Thereafter, the State asked permission to question Doss and Urbanek about a second encounter
they had with appellant on February 1, 1993. On that date, appellant returned to the bank and
committed a second robbery. Over objection, the prosecutor was allowed to elicit testimony from
the two women that they saw appellant at the bank on February 1, at the police station later that
day, and in court in November 1993. On each occasion, they recognized appellant as the man
who robbed them in November 1992. The jury was not told that appellant was in the bank on
February 1 to commit another robbery.

 Appellant argues that Faught's testimony concerning the victims' failure to identify
appellant in the photo spread did not constitute impeachment of their in-court identifications. 
Thus, appellant asserts that it was error to permit the State to question Doss and Urbanek about
their identifications of appellant on February and November 1993. We conclude, however, that
this contention was not preserved for review. We quote the objection to the challenged testimony
in full:



 Judge, I think that the right to use these extraneous offenses may almost
exist here. I know that when I start asking Mr. -- Officer Faught these questions
that this was going to be raised to the Court. I haven't directly tried under my
cross examination of Janet Doss to impeach her identification in court of Mr.
Mayzone, and I feel like because of the prejudicial quality of bringing in an
extraneous offense, that the Court has some discretion here, and we would ask that
it be kept out under the Rules of Criminal Evidence because of its prejudicial
quality.


 I don't feel like my question of Faught is sufficient to open the door for [the
State] to bring in the extraneous offense and circumstances surrounding it. I do
think once that door is open we may have to throw it all the way open, and we may
end up creating a mini trial in the second case, although we pleaded guilty on that. 
I ask the C